Haywood, J.
delivered the opinion of the Court.
This was a warrant in debt, before a justice of the peace, for fifty dollars, founded on the Act of 1799, ch. 28, § 2, for enticing and persuading a certain slave named Violet from the service of the plaintiff", her master. The cause went into the Circuit Court by appeal, where there was a trial and verdict for the defendant.
The clause in the act on which the warrant was founded declares “ that if any person shall hereafter entice or persuade any servant or slave to absent him or her self from his or her owner’s service, or shall harbor or maintain under any pretence whatever.”
On the trial it appeared that the defendant met with the slave, who was absent under a pass or permit from the plaintiff, who claimed to be the owner under a purchase at sheriff’s sale, and claiming an interest in the slave under a deed of trust, which deed was held by Tubb, as trustee, he directed the slave to go to Tubb, who he said had a claim to her, under which direction the slave Vent.
The deed of trust was shown in defence, but it was insisted it was fraudulent, and should be viewed as a nullity.
No part of the charge of the Court is called in question, so far as it *123 goes, but it is insisted that the judge should have charged the jury that if the defendant claimed the girl by a deed fraudulent and void in law, he could not, by virtue thereof, justify persuading or enticing her from her owner’s service. But the' Court, though requested, refused so to charge, having charged “ that though the defendant might have persuaded her to put herself under the protection of Tubb, yet, if he did it under a belief that he had a good equitable or a legal title in Tubb, then he is not embraced in the act of Assembly.”
The words “ under any pretence whatever,” in the act of Assembly, are referable to the harboring, not to the words “ entice from the service of the owner”; this latter sentence means an acknowledged owner, not one whose claim is opposed by that of the defendant by virtue of another claim of his own.
If the prior possession is to be regarded, and he who is the owner with open possession is not to be disturbed, then a new possession taken by force, and avowedly as a recaption, is not the object of the penalty awarded by this law, for that is but a restitution to the state from which it ought not to have been taken, and one which is effected without force, and not without a justificatory motive.
The penalty is to be recovered before a justice of the peace, and certainly it cannot be pretended that the justice must decide on the merits of the respective claims of course, he cannot determine whether one of the claims be fraudulent or not. He can only inquire into the motive of the person charged, and whether it be such as the Act condemns — that is, a desire to meddle with the property of another, to which the defendant had himself no colorable claim, and to subtract from the owner profits which the offender has no reason or pretence for claiming.